UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TASHA BROWN,                           Plaintiffs, | ) ) ) |
| v. | )    CAUSE NO.: 2:23-CV-203-JEM ) |
| AMERISTAR CASINO EAST CHICAGO, LLC,              Defendant. | ) ) ) ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment [DE 23], filed by Defendant on March 22, 2024.

**I.      Background**

Plaintiff filed a Complaint for a slip and fall incident in state court on May 23, 2023, removed to this Court on June 22, 2023. On March 22, 2024, Defendant filed the instant motion for summary judgment. Defendant argues that it is entitled to judgment because Plaintiff has failed to establish that Defendant was negligent or that Plaintiff was not more than 51% at fault. Plaintiff filed a response on May 20, 2024, and on June 3, 2024, Defendant filed a reply.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.      Standard of Review**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a

1

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50. The Court looks to the burden of proof each party would bear on an issue at trial. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)).

### III.    Material Facts

Plaintiff slipped and fell in the restroom at the Ameristar Casino East Chicago on July 27, 2022. When entering the restroom, Plaintiff noticed a utility room door open in the restroom. An

Ameristar employee was mopping the floor in the restroom at the time. Plaintiff saw the person mopping the floor, moved around the person to get out of her way, and walked past the person mopping. Plaintiff opened the door to the last stall and then slipped and fell. Plaintiff's clothing was not wet after her fall. Plaintiff did not see any water on the floor before she fell, or whether the mop was wet or dry. Plaintiff testified that she saw a wet streak on the floor after her fall. Plaintiff testified that she did not see a closed sign or cautionary sign in the restroom. Plaintiff knew where other restrooms were located within the Ameristar Casino at the time.

### IV.     Analysis

Plaintiff asserts a premises liability claim for injuries sustained when she fell in the restroom at the Ameristar Casino. Defendant asserts that either Plaintiff has not established that any negligence on the part of Ameristar caused Plaintiff to fall or, if Ameristar was negligent, that Plaintiff is more than 51% at fault for engaging with an open and obvious risk by entering a restroom that was being mopped.

#### A. Negligence

Ameristar contends that Brown's negligence claim must fail because Brown is speculating as to the cause of her fall and consequent injuries rather than putting forth evidence that any breach of a duty by Ameristar caused Brown's fall. Brown argues that Ameristar breached a duty to her when it allowed her to enter a restroom which was being mopped and failed to have warning signs.

To prevail on a claim for negligence, a plaintiff must establish that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, and (3) the breach of duty proximately caused the injury to the plaintiff. *Harradon v. Schlamandinger*, 913 N.E.2d 297, 300 (Ind. Ct. App. 2009). At trial, the plaintiff bears the burden of proving that there was negligence, and "[n]egligence will not be inferred; rather, specific factual evidence, or reasonable inferences that

might be drawn therefrom, *on each element* must be designated to the trial court. However, an inference is not reasonable when it rests on no more than speculation or conjecture." *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000) (citing *Miller v. Monsanto Co.*, 626 N.E.2d 538, 541 (Ind. Ct. App. 1993)); *Midwest Commerce Banking Co. v. Livings*, 608 N.E.2d 1010, 1012 (Ind. Ct. App. 1993)). Accordingly, "negligence cannot be inferred from the mere fact of an accident, absent special circumstances." *Hale v. Cmty. Hosp. of Indianapolis, Inc.*, 567 N.E.2d 842, 843 (Ind. Ct. App. 1991); *see also Ogden Estate v. Decatur Cnty. Hosp.*, 509 N.E.2d 901, 903 (Ind. Ct. App. 1987) ("Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go.") (quotation omitted). "Similarly, causation may not be inferred merely from the existence of an allegedly negligent condition." *Midwest Commerce Banking*, 608 N.E.2d at 1013.

As an Ameristar patron, Brown was a "business visitor," that is, "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Burrell v. Meads*, 569 N.E.2d 637, 642 (Ind. 1991) (quoting Restatement (Second) of Torts § 332 (1965)). Ameristar, as the landowner, owed "the highest duty of care to an invitee, that duty being to exercise reasonable care for the invitee's protection while [she] is on the premises." *Christmas v. Kindred Nursing Centers Ltd. P'ship*, 952 N.E.2d 872, 880 (Ind. Ct. App. 2011). Ameristar is therefore subject to liability for physical harm caused to its invitees by a condition on the land if, but only if, it:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

*Burrell*, 569 N.E.2d at 639-40 (quoting Restatement (Second) of Torts § 343 (1965)); *see also, e.g., Harradon*, 913 N.E.2d at 301.

If a condition of the property is "known or obvious" to the invitee, the possessor of the land is not liable for physical harm caused to the invitee by that condition or activity "unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A (1965); *Smith v King*, 902 N.E.2d 878, 882 (Ind. Ct. App. 2009). Known is defined as both knowledge of the existence of the condition or activity as well as an appreciation of the danger it involves. *Miller v. Rosehill Hotels, LLC*, 45 N.E.2d 15, 20 (Ind. Ct. App. 2015). Obvious means that both the condition and the risk are apparent to and would be recognized by a reasonable visitor who exercises ordinary perception, intelligence, and judgment. *Id*. The knowledge of the visitor does not determine whether a duty exists but is a factor for the Court to consider in determining whether a duty was breached. *Smith v. Baxter*, 796 N.E.2d 242, 245 (Ind. 2003).

Disposition of negligence actions in summary judgment "is rarely appropriate . . . . because negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence." *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind. 2004). However, if "undisputed material evidence negates one element of a negligence claim," summary judgment for the defendant is appropriate. *Janero*, 2017 WL 993055 at *3 (quoting *Nagel v. N. Ind. Pub. Serv. Co.,* 26 N.E.3d 30, 43 (Ind. Ct. App. 2015)).

Ameristar argues that Brown has offered no evidence that any condition of its premises caused her to slip and fall but offers only speculation as to the cause of her fall. Brown argues that the fact that she saw a wet streak at her feet on the floor after she fell is undisputed, as is the fact that there was an employee mopping the floor when she entered the restroom. The Court is not to

make factual determinations or weigh the credibility of witnesses on a summary judgment motion. *See Liberty Lobby*, 477 U.S. at 249-50. In the instant motion, when viewing the facts in a light most favorable to Brown, the Court cannot conclude that she has not brought forth evidence supporting her claim that she slipped and fell on a wet floor. *See Liberty Lobby*, 477 U.S. at 245. The fact of whether the floor was wet must be determined by a jury. *Rhodes,* 805 N.E.2d at 387.

      B.  <u>Comparative Fault</u>

Ameristar also argues that Brown bore more than 50% of the fault for the incident which caused her injuries, which would bar any recovery under the Indiana Comparative Fault Act. *See* Ind. Code § 34-51-2-6 ("In an action based on fault . . . the claimant is barred from recovery if the claimant's contributory fault is greater than the fault of all persons whose fault proximately contributed to the claimant's damages."). Brown argues that the apportionment of comparative fault is an issue of fact which must be decided by the jury.

Brown is correct that, in general, the degree of comparative fault is a fact sensitive question most appropriately left to the jury. *See, e.g., Sparks v. White,* 899 N.E.2d 21, 30 (Ind. Ct. App. 2008). However, Indiana courts have recognized that "at some point the apportionment of fault may become a question of law for the court." *McKinney v. Public Service Co.,* 597 N.E.2d 1001, 1008 (Ind. App. 1992).

Here, if a jury were to find that Ameristar breached its duty to Brown to adequately and safely maintain its restrooms, the jury would next need to consider whether Brown was more than 50% negligent in causing the fall. The parties dispute whether there was a closed or cautionary sign at the restroom. For purposes of this motion, the Court accepts as true that there was no sign. The undisputed evidence shows that Brown entered a restroom, saw a person mopping the floor of the restroom, proceeded past that person further into the restroom, and then slipped and fell.

Brown acknowledged that she knew of other available restrooms on the same floor of the casino where the restroom she entered was located. Because there is a factual dispute as to whether the floor was wet, as well as whether there was a cautionary sign, summary judgment on this issue would also be inappropriate.

When viewing the facts in a light most favorable to Brown, the Court finds that a jury could find that the cause of Brown's fall was a breach of a duty owed to her by Ameristar and that she may not have been more than 51% at fault.

### V. Conclusion

Accordingly, the Court hereby **DENIES** the Motion for Summary Judgment [DE 23].

SO ORDERED this 8th day of August, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record