UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TASHA BROWN,<br>    Plaintiffs, | )<br>)<br>) |
| v. | )   CAUSE NO.: 2:23-CV-203-JEM |
| AMERISTAR CASINO EAST<br>CHICAGO, LLC,<br>    Defendant. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Correct Error or in the Alternative for the Court to Certify its August 8, 2024, Order for Interlocutory Appeal [DE 44], filed by Defendant on August 20, 2024.

**I.    Background**

Plaintiff filed a Complaint for a slip and fall incident in state court on May 23, 2023, removed to this Court on June 22, 2023. On March 22, 2024, Defendant filed a motion for summary judgment, arguing that it was entitled to judgment because Plaintiff failed to establish that Defendant was negligent or that Plaintiff was not more than 51% at fault. The Court denied the motion for summary judgment on August 8, 2024. Defendant filed this motion on August 20, 2024. Plaintiff filed her response on September 4, 2024, and Defendant filed its reply on September 10, 2024.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

1

## II.    Standard of Review

Defendant characterizes its motion as a request under Rule 60. Rule 60 provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" under certain circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b). Rule 60(b) is not applicable in this instance because it "is, by its terms[,] limited to 'final' judgments or orders and is inapplicable to interlocutory orders." *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 559 (7th Cir. 2016*), reh'g and suggestion for reh'g en banc denied* (Aug. 3, 2016) (finding that Rule 60(b) was not the proper vehicle for reconsidering an order denying class certification when no final judgment had been entered (internal quotation marks omitted) (quoting *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571 (7th Cir. 2006); citing *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (concluding that a motion to vacate an order granting summary judgment was not a Rule 60(b) motion since it was made before entry of final judgment); *Adams v. City of Chicago*, 135 F.3d 1150, 1153 (7th Cir. 1998))); *see also Everett v. Leading Edge Air Foils, LLC*, No. 14-C-1189, 2017 WL 2894135, at *3 (E.D. Wis. July 7, 2017) (finding that Rule 54(b) and not Rule 60(b) applied when the court had not entered a judgment adjudicating all of the claims and all of the parties' rights and liabilities) (citing *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986)). Final judgment has not been entered in this case, which is still proceeding. Accordingly, the Court will address the instant motion as a motion to reconsider.

Federal Rule of Civil Procedure 59(e) governs "a motion to alter or amend a judgment" filed within 28 days of entry of judgment and requires that a motion brought pursuant to Rule of 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). Motions to reconsider do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp.*, 49 F.3d at 1267); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee,* 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983)).

### III.    Analysis

Defendant argues that the Court made an error of law in its determination that summary judgment in Defendant's favor was not appropriate because the Court applied the Indiana summary

3

judgment standard. Plaintiff argues that the Court properly applied federal procedural law and Indiana state substantive law.

> Defendant argues that:
>
> it appears from the August 8, 2024, Order that the Court used and relied upon Indiana summary judgment law as applied to negligence cases when denying Defendant's MSJ. This is demonstrated in the "Analysis" section of the Order, in which the Court cites to several Indiana negligence cases, concluding the citations with a quote from the Indiana state court case of *Rhodes v. Wright.*

[DE 44, p. 5]. The Court, in its opinion issued on August 8, 2024 [DE 41], cited and applied various Indiana opinions as to the substantive law regarding the elements of a negligence action and comparative fault. The Court also cited and applied various federal opinions as to the procedural law of summary judgment in federal courts. The portion of the Opinion citing the caselaw to which Defendant objects reads:

> In the instant motion, when viewing the facts in a light most favorable to Brown, the Court cannot conclude that she has not brought forth evidence supporting her claim that she slipped on a wet floor. *See Liberty Lobby*, 477 U.S. at 245. The fact of whether the floor was wet must be determined by a jury. *Rhodes*, 805 N.E. 2d at 387.

[DE 41, at 5]. *Rhodes* is an Indiana Supreme Court decision which held that whether the floor the plaintiff slipped on was wet was a fact question under Indiana law governing negligence actions. The Court explained that Plaintiff had presented undisputed evidence that "after she fell, she saw a wet streak at her feet on the floor" and "there was an employee mopping the floor when she entered the restroom." The Court therefore concluded that Plaintiff had brought forth evidence supporting her claim so that summary judgment was not appropriate. This is consistent with the federal summary judgment standard cited by Defendant "all a federal movant has to do is point to the absence of evidence to support the claim." *Austin v. Walgreen Co*., 885 F.3d 1085 n. 1 (7th Cir. 2018).

Defendant also argues that because the Court's analysis of the negligence claim was flawed, its analysis of the comparative fault defense was also flawed. Not only has Defendant not identified any flaw in the Court's negligence analysis, but, as the Court explained, Opn. at 6 [DE 41], there are factual questions as to whether a cautionary sign was present in or near the restroom. Since it is not the Court's function to resolve factual questions on summary judgment, judgment on the issue of comparative fault was not appropriate.

As requested by Defendant, the Court has reconsidered its opinion, and other than clarifying that it was relying on the federal summary judgment standard set forth *in Liberty Lobby*, 477 U.S. at 245 and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (a plaintiff must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" (quoting Fed. R. Civ. P. 56(e)), declines to alter the results of its opinion.

### IV.   Conclusion

Accordingly, the Court hereby **DENIES** the Motion to Correct Error or in the Alternative for the Court to Certify its August 8, 2024, Order for Interlocutory Appeal [DE 44], and **REAFFIRMS** its August 8, 2024, Opinion [DE 41].

SO ORDERED this 3rd day of October, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record